IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE EDWARD HARRIS,<br><br>           Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | No.  2:25-CV-1596-DMC<br><br><br>ORDER |

        Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  Pending before the Court is Defendant's motion to dismiss for lack of jurisdiction.  See ECF No. 20.  Plaintiff has filed an opposition.  See ECF Nos. 22, 23, 25, and 26.  Also before the Court is Plaintiff's motion for a default judgment.  See ECF No. 19.  The parties appeared for a hearing before the undersigned via Zoom on September 16, 2025, at 10:00 a.m.  Plaintiff appeared pro se.  Angela Thornton-Millard, Esq., appeared for Defendant.  After hearing the parties' arguments, the matter was submitted.

/ / /

/ / /

/ / /

1

In this case, Plaintiff has received social security benefits since December 1999. See ECF No. 20, pg. 2. Between March 2020 and February 2022, Plaintiff's benefits payments were reduced because Plaintiff received in-kind support. See id. On January 27, 2022, the agency informed Plaintiff that his benefits payments were going to be stopped entirely. See id. Plaintiff requested reconsideration, which the agency initially denied. See id. After Plaintiff requested a hearing, an Administrative Law Judge held a hearing and issued a decision favorable to Plaintiff finding that the suspension of benefits payments should be lifted. See id.

On July 25, 2024, the agency informed Plaintiff that his payments were being restored retroactive to March 2022. See id. Plaintiff was later informed the following month that Plaintiff was due additional back payments for the time between March 2022 and August 2024. See id.

In October 2024, Plaintiff requested reconsideration of the payment reduction for the March 2020 to February 2022 period.[1] See id. That request is still pending before the agency, and no final decision has been issued by the Commissioner as to the reduction of payments. See id. In the current action, Plaintiff challenges the reduction of payments. See ECF No. 1.

Cases arising under the Social Security Act are not ripe for judicial review until there has been a final decision issued by the Commissioner. See Dexter v. Colvin, 731 F.3d 977, 980 (9th Cir. 2013). The regulations define "final decision" as requiring the following process: (1) an initial decision; (2) request for reconsideration of that initial decision if unfavorable; (3) request for and holding of a hearing before an Administrative Law Judge; and (4) request for Appeals Council review of any unfavorable decision issued by the Administrative Law Judge. See 20 C.F.R. § 416.1400(a). When a claimant has not exhausted this four-step process, judicial review is not available and dismissal is warranted. See Heckler v. Ringer, 466 U.S. 602, 618-19 (1984).

///

---

[1] At the hearing, Plaintiff stated that the relevant time period is from December 2019 through February 2022.

2

1 | ///

2 |       Dismissal is warranted because Plaintiff has not completed the four-step process as to the issue challenged in the complaint – reduction of benefits.  Specifically, Plaintiff's request for reconsideration as to this issue is still pending before the agency.  Because no final decision has issued, the case must be dismissed for lack of jurisdiction.  This dismissal is without prejudice to Plaintiff's right to seek judicial review following a final decision by the Commissioner.

      Accordingly, IT IS HEREBY ORDERED as follows:

    1.    Defendant's motion to dismiss, ECF No. 20, is granted.

    2.    Plaintiff's motion for a default judgment, ECF No. 19, is denied as moot.

    3.    The Clerk of the Court is directed enter judgment and close this file.

Dated: September 22, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE